IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CT-3040-M

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| SERGEANT DAVES and | ) |
| JOSEPH PARLIER, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on Plaintiff Matthew Griffin's motion for sanctions. [DE-71]. For the reasons that follow, the motion is denied.

Griffin, an inmate currently housed at a penitentiary in New Mexico, alleged in his amended complaint that on April 19, 2018, Sergeant Daves and an Officer John Doe used excessive force against him during his transport from Central Prison to Alexander Correctional Institution when they improperly tightened his seat belt and deliberately drove in an erratic manner with the intention of causing harm. Am. Compl. [DE-9] ¶¶ 22–59. Griffin claimed he was injured by the "rough ride," and Daves and Doe were deliberately indifferent to his injuries. *Id.* ¶ 41. Through discovery, the Doe Defendant was identified as Joseph Parlier, and on January 7, 2021, the court allowed Griffin's motion to substitute Parlier as a party. [DE-73].

While Griffin attempted to identify Parlier, discovery proceeded against Daves. On August 18, 2020, the court ruled on three motions, including Griffin's motion to compel [DE-40]. In the order, the court found that Daves's supplemental responses to Griffin's discovery requests were, for the most part, complete and sufficient but ordered Daves to further supplement his interrogatory

responses and document production to include any April 19, 2018 GPS location data for the time period of the transport at issue. [DE-62] at 7. On September 1, 2020, Daves's counsel filed a response to the court's order stating he was unable to obtain the GPS location data from Verizon. [DE-69]. Griffin then filed the instant motion for sanctions against Daves.

Griffin asserts Daves failed to comply with the court's order to further supplement his interrogatory responses and document production to include any April 19, 2018 GPS location data for the time period of the transport at issue. Pl.'s Mot. [DE-71] at 2. Griffin further asserts that, on April 27, 2018, he demanded preservation of GPS data from the transport vehicle and any personal or work cell phone of Daves but that Daves failed to preserve the evidence. *Id.* at 3–4. Griffin seeks sanctions, pursuant to Fed. R. Civ. P. 37(b)(2)(A), including holding Daves in contempt, assessing a monetary sanction against Daves and his counsel, and entry of default against Daves.

Under Rule 37(b)(2)(A), if a party fails to comply with an order to provide discovery, the court may issue further orders, including entering default against the disobedient party or treating as contempt of court the failure to obey. Fed. R. Civ. P. 37(b)(2)(A)(vi)–(vii). "A district court has wide discretion under Rule 37(b)(2) . . . to impose sanctions for failure to comply with discovery orders." *Jackson v. Vance Cnty.*, No. 5:97-CV-103-BO, 1997 WL 906015, at *1 (E.D.N.C. Nov. 26, 1997) (quoting *Mut. Fed. Sav. & Loan Ass'n v. Richard & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989)); *King v. CMH Homes, Inc.*, No. 5:16-CV-693-D, 2017 WL 3037479, at *2 (E.D.N.C. June 21, 2017), *adopted*, 2017 WL 3034269 (E.D.N.C. July 17, 2017). "Only the most flagrant cases, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default." *Jackson*, 1997 WL 906015, at *1 (quoting *Mut. Fed.*, 872 F.2d at 92).

On September 1, 2020, Daves's counsel filed a response to the court's order stating he contacted Verizon Wireless in an attempt to obtain the GPS location data and determined that Verizon does not maintain GPS coordinates, and cell site location is available only for one rolling calendar year. [DE-69] at 1; Letter from Verizon [DE-69-1]. Upon further investigation, counsel learned from Verizon that "the cellular phone data would not be able to show when a vehicle stopped or the exact route a vehicle took only cell site location," and cell site location data from 2018 was no longer available. [DE-69] at 1. In response to the motion for sanctions, Daves stated that an investigation was immediately undertaken in response to Plaintiff's April 27, 2018 letter, but no evidence was found to support the claims; the GPS information sought by Plaintiff was not in the possession of Daves or his employer; and even if the information sought was subpoenaed from Verizon, the only data maintained by Verizon would not have shown the vehicle's exact route or where it stopped. [DE-76]. In reply, Plaintiff points out that Daves admitted in his interrogatory responses that he used the GPS on his state-issued cell phone. [DE-77].

The court previously ordered Defendant Daves to produce "any April 19, 2018 GPS location data from Daves's state phone for the time period of the transport," which Plaintiff argued was relevant to demonstrate the transport stopped on the side of the road because he passed out. [DE-62] at 6–7. Defendant was unable to obtain this information because Verizon does not maintain GPS coordinates, and cell site location data would only show the cell towers along the route between facilities, which is not in dispute, and would not show where the transport stopped along the route. [DE-69] at 1; [DE-76] at 3–5. The fact that Daves used the GPS on his cell phone to map the route between facilities does not undermine Verizon's assertion that it does not maintain GPS coordinates. Additionally, the cell site location data would not provide the information Plaintiff seeks because it would not show where the transport stopped along the route.

3

Case 5:19-ct-03040-M Document 79 Filed 03/09/21 Page 3 of 4

Accordingly, the court finds that Defendant Daves' inability to produce the GPS location data or cell site location data does not demonstrate bad faith or callous disregard for the court's authority or that would justify the imposition of sanctions.

SO ORDERED, this the 9th day of March, 2021.

Robert B. Jones, Jr.
United States Magistrate Judge