IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CT-03040-M

MATTHEW JAMES GRIFFIN,            )
                                  )
            Plaintiff,            )
                                  )
v.                                )            ORDER
                                  )
SERGEANT DAVES, et al.,           )
                                  )
            Defendants.           )

This cause is before the court on plaintiff's pending motions, [D.E. 112, 113, 115, 119]. The court admonishes the parties to review this order closely and to observe all noted deadlines.

1) Plaintiff's November 18, 2021, motion to rescan documents, etc. [D.E. 112]:

Plaintiff contends the court erred when it "shuffled" the documents in his November 8, 2021, filing, resulting in the appendix being placed "behind" the First Declaration, in violation of Local Civil Rule 56.1. Mot. [D.E. 112] at 2–4. Plaintiff asserts, "documents must be filed as submitted." Id. at 5. For relief, plaintiff asks the court to rescan, in the correct order, the documents at docket entry 102, and to correct the docket entry at 104. Id. at 6.

The court has reviewed the filings and, because the court liberally construes *pro se* filings, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the court discerns no prejudice to plaintiff pursuant to these purported clerical errors. Accordingly, the court DENIES this motion [D.E. 112].

2) Plaintiff's November 22, 2021, motion to strike [D.E. 113]:

Plaintiff notes that, although the court's October 19, 2021, order directed defendants to file a statement of material facts with citations that comply with the local civil rules, together with a

separate memorandum and a separate appendix, by November 2, 2021, defendants failed to obtain leave of the court before docketing these filings on November 12, 2021. Mot. [D.E. 113] at 1–2. Plaintiff argues defendants have not shown excusable neglect for their failure to meet this deadline. Id. at 3–4. For relief, plaintiff asks the court to strike docket entries 107, 108, and 109. Id.

Although defendants failed to meet the filing deadline set by the October 19, 2021, order, defendants noted in their response to the court's November 9, 2021, order to show cause that defendants' counsel was ill with the flu and unaware of the October 19, 2021, order or its filing deadline, and that defendants now have complied by making the requisite filings. See [D.E. 110].

The court finds that defendants' filings satisfied the court's November 9, 2021, order to show cause and defendants have shown both excusable neglect and good cause for failing to meet the original deadline. Accordingly, the court DENIES plaintiff's motion to strike [D.E. 113].

3) Plaintiff's motions for a 60-day extension of time, Mot. [D.E. 115]; Mot. [D.E. 120]:

In his November 29, 2021, motion, plaintiff: notes New Mexico prison policy requires plaintiff to exchange "documents between storage and his cell"; asserts that, although he had this case file, he "now must return it to storage to work on other cases with deadlines because [sic] Defendants failed to comply" with the deadlines of the October 19, 2021, order; and argues that his response to defendants' motion for summary judgment necessarily is delayed. Id. at 5–6.

In his December 10, 2021, motion, plaintiff instead argues that he requires an extension of time to respond to the motion for summary judgment because, contrary to defendants' November 17, 2021, notice to the court [D.E. 111], plaintiff lacks full access to this case file. See [D.E. 119] at 5–6. Plaintiff also asks the court to "strike . . . as a sham" defendant's November 17, 2021, notice because defendant did not provide the affidavit of a New Mexico prison official. Id. at 9.

2

Here, the court notes that the October 19, 2021, order did not require an affidavit from a New Mexico prison official; rather, the court said that such an affidavit was preferable. See Order [D.E. 101]. The court also notes the glaring discrepancy between these motions. Compare [D.E. 115] (acknowledging access to this case file), with [D.E. 119] (stating he does not have access to this case file). By his own admission, plaintiff could have access to this case file if he wishes; instead, plaintiff chooses to prioritize other legal matters. See [D.E. 115] at 5–6. Despite plaintiff's bald assertion that he lacks needed legal materials, the docket reflects that he already has filed a statement of fact [D.E. 116], an appendix to his statement of fact [D.E. 118], and a response in opposition to defendant's motion for summary judgment [D.E. 120]. Accordingly, the court DENIES these motions seeking an extension of time [D.E. 115, 119].

4) Remaining concerns:

Next, the court focuses the parties' attention on the question of exhaustion. Defendants argue that plaintiff failed to exhaust his available administrative remedies before filing the action. See Defs.' Mem. [D.E. 108] at 7–9. Plaintiff, however, argues the administrative grievance procedure was "unavailable" to him. See, e.g., [D.E. 102] at ¶¶57–64; [D.E. 120] at ¶¶19–23.

Plaintiff attaches three documents, hand-dated as follows: a May 10, 2018, grievance that he alleges was "never processed or filed"; a July 17, 2018, grievance that he alleges was wrongfully held by a prison employee until July 19, 2018, and then rejected as "already resolved" and for exceeding the 90-day time limit; and an August 30, 2018, grievance – that he alleges also was not processed – as to the purported failure of prison staff to process properly the putative July 17, 2018, grievance. See Am. Compl. [D.E. 9] at ¶60; [D.E. 120] at ¶¶20-22; [D.E. 102-1] at 67–86.

3

Because these documents lack markings noting dates of acceptance, see [D.E. 102-1] at 67, 74, 84, it is unclear when (or if) these putative grievances were submitted. Accordingly, the court DIRECTS defendants to file all grievances plaintiff submitted between April 19 and September 1, 2018, that were not appealed to the Inmate Grievance Resolution Board, and all responses to any grievances that plaintiff submitted within that timeframe. See DPS Policy, Ch. G .0312(a).

Conclusion:

In sum, the court: DENIES plaintiff's motion to rescan documents, etc. [D.E. 112]; DENIES plaintiff's motion to strike [D.E. 113]; and DENIES plaintiff's motions for an extension of time [D.E. 115, 119].

The court further DIRECTS defendants, not later than January 10, 2022, to file: 1) all grievances submitted by plaintiff between April 19 and September 1, 2018, and all responses to any grievances that plaintiff submitted in that timeframe, or an affidavit from a prison official indicating that no such grievances exist; and b) any reply to defendants' response in opposition.

Plaintiff then will have until January 25, 2022, to file any sur-reply.

The court WARNS the parties that no extensions of time will be granted to either party absent compelling extraordinary circumstances.

SO ORDERED, this 17th day of December 2021.

Richard E. Myers II
RICHARD E. MYERS II
Chief United States District Judge