UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NORTH CAROLINA

FILED

MAY 08 2025

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____DEP CLK

No. 5:19-ct-03040-M

Matthew James GRIFFIN,

             Plaintiff,

vs.

Sergeant Daves, et al,

             Defendants

Plaintiff's Response In Opposition (PRIO) To Defendants Motion (doc. 166) For Summary Judgment

Prison Mailbox rule date = 24APR2025

---

Plaintiff, Matthew James GRIFFIN, pro se, hereby submits Plaintiff's Response In Opposition (PRIO) to Defendants Motion (doc. 166)

1

For Summary Judgment.
In support of his Response
and as grounds therefor, Plaintiff
states:

## I. Introduction:

1. Defendants Daves and Parlier
threatened to assault the named Plaintiff.
See, Second Amended Complaint,[1] doc.
72-1 at paragraphs 19, 20, 30 and 36.
On April 19, 2018 during a prison
transport Defendants Daves and
Parlier used excessive and unnecessary
force upon the named Plaintiff in

---

[1] The Second Amended Complaint,
doc 72-1 is verified under 28 USC 1746.

2

a malicious and sadistic manner without legitimate penological justification. Id at paragraphs 12-18, 21-42, 45, 46, 48-55 and 59. Defendants used the components and momentum of the Ford prison transport sedan to repeatedly asphyxiate Plaintiff, causing Plaintiff to lose consciousness multiple times. Id at paragraphs 12-15, 21-46, 48-55 and 59. Afterward Defendants Daves and Parlier verbally taunted Plaintiff about his lose of consciousness which they induced through positional asphyxia. Id. at paragraph 40.

3

2. Plaintiff submitted timely prison grievances which were improperly not processed by prison staff making the administrative remedy procedure (ARP) unavailable to Plaintiff. See, doc. 174. On appeal the Fourth Circuit reversed. Griffin vs Daves, U.S.App. 2024 Lexis 5571 (citing Griffin vs Bryant, 56 F.4th 328 (4th Cir. 2022)). On remand Defendants have withdrawn their PLRA Non-exhaustion defense. See, doc. 175. And failed to list any grievance related facts in their Statement of Fact. See, doc. 167.

4

3. Thus, Defendants have failed to properly raise a PLRA non-exhaustion defense at this stage of the proceedings. See, doc. 175 and 167. If at any stage of the proceedings Defendants attempt to "revive" their patently frivolous Non-exhaustion defense, Plaintiff demands an evidentiary hearing. See, doc. 174.

## II. Plaintiff's Supporting Documents:

4. IN support of Plaintiff's Response IN Opposition (PRIO) to Defendants Motion (doc. 166) for Summary Judgment, Plaintiff relies upon the below listed documents

5

which are already filed in the
Record Proper of this civil action:

A. First Amended Complaint[2]
(hereafter "FAC")(doc. 9);

B. Second Amended Complaint[3]
(hereafter "SAC")(doc. 72-1);

C. Plaintiff's Statement of
Fact (hereafter "PSoF")(doc. ___)
mailed to the Court on 20 APRIL 2025;

D. Appendix to Plaintiff's
Statement of Fact (PSoF) under Local
Rule 56.1 (hereafter "Appendix")
doc. ___ mailed to the Court on
20 April 2025;

---

2 The First Amended Complaint is
verified under 28 USC 1746.
3 The Second Amended Complaint is
verified under 28 USC 1746.

6

E. Plaintiff's First Declaration[4] (hereinafter "PFD") (doc. 118-1 ) mailed to the Court on 22NOV2021, filed on 03DEC2021, with Exhibits #1 through #16;

F. Affidavit of Darlene Upchurch (doc. 118-1, p. 105);

G. Affidavit of Darlene Upchurch (doc. 118-1, p. 107); and,

H. Declaration of Shalon Gooch (doc. 118-1, p. 109.

---

[4] Plaintiff has leave of the district court to cite and rely upon any previously filed document in this civil action. See, Order (doc. 165 at page 2). Plaintiff's First Declaration (PFD) is verified under 28 USC 1746.

7

## III. FACTS:

5. IN March of 2017 Defendant Daves threatened to assault the named Plaintiff on a future prison transport. See, PFD (doc. 118-1) at paragraph 12 and SAC (doc. 72-1) at paragraph 19. On April 7, 2017, Defendant Daves again threatened to assault Plaintiff on a future prison transport ——— Daves stated, "One day I'm going to take you on a transport" and "a lot of bad things can happen to you on the highway." See, PFD (doc 118-1) at paragraph 13 and SAC (doc 72-1) at paragraph 20. These threats are admissible under the F.R.E.

8

to show intent, preparation, plan, scheme and abscence of mistake. A year later Defendant Daves acted upon his threats. See, PFD (doc. 118-1) at paragraph 14 and SAC (doc. 72-1) paragraph 21.

6. Plaintiff is a handicapped prisoner of the State of New Mexico. See, PFD (doc. 118-1) at paragraphs 4, 10 and 11 and; SAC (doc. 72-1) at paragraphs 5, 16 and 17.

7. On April 19, 2018 at Central Prison Facility (CPF) in Raleigh, Defendants Daves and Parlier took custody of the Plaintiff for a prison transport

9

to Alexander County, North Carolina. See, PFD (doc. 118-1) at paragraphs 14 and 15, and; SAC (doc. 72-1) at paragraphs 21-22, Plaintiff was placed in wrist restraints with a black box, waist chain and ankle restraints.[5] Defendants Daves and Perlier then "cross-belted"[6] Plaintiff in the center rear seat of a 2016 Ford police interceptor sedan. See, PFD (doc. 118-1) at paragraph 16 and SAC (doc. 72-1) at paragraph 23.

---

[5] Wrist Restraints, a black box and ankle restraints are defined at PFD (doc.118-1) paragraphs 5-9 and SAC (doc. 72-1) at paragraphs 12-15.
[6] "cross-belting" is defined in the PFD (doc. 118-1) at paragraphs 17-19 and SAC (doc 72-1) at paragraphs 24-26.

10

Initially, when cross-belted at CPF the waist belt of the seat belt assembly (waist and shoulder harness) ran across Plaintiff's waist below his restrained wrists. See, PFD (Doc. 118-1) at paragraph 20 and SAC (Doc. 72-1) at paragraph 27. Plaintiff also wore an electrical stun device in a pouch afixed to his left arm. See, PFD (Doc 118-1) at paragraph 21 and SAC (Doc 72-1) at paragraph 28.

8. At no time did Plaintiff state that he was on self injurious behavior (SIB) status. See, PFD (Doc 118-1) at paragraph 22. At no time did Plaintiff state that he would or could hit his head against the window of the Ford prison transport vehicle

11

or anything else. See, PFD (doc. 118-1) at paragraph 23-24. At No time during the transport did Plaintiff alter or manipulate his restraints or manner of restraint. See, PFD (doc. 118-1) at paragraph 25.

9. After leaving CPF Defendants Daves and Parlier stopped the transport at a location within Raleigh, North Carolina where they purchased food for themselves, fueled the transport vehicle and modified Plaintiff's manner of restraint wherein the waist restraint belts were drawn and applied so as to cross over the top of Plaintiff's forearms instead of his waist. See, PFD (doc. 118-1) at paragraph 26

12

and SAC (Doc. 72-1) at paragraph 29. This made it difficult for Plaintiff to breathe. Id. at 26 and 29.

10. Plaintiff immediately complained to Defendants Daves and Parlier that the restraint was making it difficult to breathe. See, PFD (Doc. 118-1) at paragraph 27 and SAC (Doc. 72-1) at paragraph 30. To which Defendant Parlier said, "Oh, it will get worse once we get on the road and those belts tighten up." Id. Defendant Daves laughed and then stated, "a lot worse." Id. The transport left the gas station with Defendant

13

Parlier driving and Defendant Dawes in the right front passenger seat. See, PFD (doc. 118-1) at paragraph 28 and SAC (doc. 72-1) at paragraph 31.

11. Seatbelts in the Ford transport sedan are self tightening and locking in response to vehicle movement. See, PFD (doc 118-1) at paragraph 29 and PFD Exhibit #4, excerpt pages 27-29 [doc. 118-1 at 34, 39-41]. Defendant Parlier drove erratically and frequently exceeded the posted speed limit which caused the self tightening and locking seatbelts to tighten further due to the erratic driving and momentum

14

of the transport vehicle. See, PFD (doc. 118-1) at paragraph 30 and SAC (doc. 72-1) at paragraph 33. At all times during the transport Plaintiff was compliant posing no physical no physical threat to the Defendant officers, fully restrained and was seperated from the Defendant officers by a physical barrier that partitioned the Front and rear of the vehicle passenger compartment. See, PFD (doc 118-1) at paragraph 31 and SAC (doc. 72-1) at paragraph 34.

12. Making threats, damaging property or altering a locking device are all disciplinary offenses within

15

the NC-DPS, Division of Prisons.
See, PFD (doc 118-1) at paragraph
32 and PFD Exhibit #5 [doc.
118-1 at pp 47-52]. Plaintiff
did not receive any prison
disciplinary report for any conduct
whatsoever from April 19, 2018.
See, PFD (doc. 118-1) paragraph 33.

13. Plaintiff was unable to draw
a full breath as the seatbelts were
drawn so tight that they left
visible imprints (physical injury) upon
the person of Plaintiff. See, PFD
(doc. 118-1) at paragraph 34 and 35
and PFD Exhibit #6 [doc. 118-1 at
page 70-71] (Clinical Encounter Medical

16

Record of April 19, 2018).

14. Defendants Daves and Parlier repeatedly asphyxiated Plaintiff while verbally taunting the Plaintiff between Wake County North Carolina and Interstate 40 Westbound in the vicinity of mile marker 233 near Greensboro, North Carolina. See, PFD (doc. 118-1) at paragraphs 36-42 and SAC (doc 72-1) paragraphs 36-42.

15. Plaintiff lost consciousness multiple times. See, PFD (doc. 118-1) at paragraphs 38 and 39 and SAC (doc. 72-1) at paragraphs 38 and 39. A layperson is capable of understanding that asphyxiation may result in death or serious injury. See,

17

PFD (doc. 118-1) at paragraph 46.

16. Following Plaintiff's repeated loss of consciousness, Defendants Daves and Parlier refused to take Plaintiff to a hospital for medical treatment. See, PFD (doc. 118-1) at paragraphs 41 and 45; and, SAC (doc. 72-1) at paragraphs 41 and 45.

17. Defendants Daves and Parlier intentionally used the components and momentum of the prison transport vehicle to asphyxiate and injure the Plaintiff without legitimate penological justification or lawful excuse and did so in a malicious and sadistic manner for the sole purpose of causing harm to the

18

Plaintiff. See, PFD (doc. 118-1) at paragraphs 47 through 55 and SAC (doc. 72-1) paragraphs 48 through 55.

18. Asphyxiation is painful. See, PFD (doc. 118-1) at paragraph 55 and SAC (doc. 72-1) at paragraph 55.

IV. Legal Standard =

## Summary Judgment

19. A Court must deny summary judgment when a genuine dispute of material fact remains to be tried, or where the moving party is not entitled to summary judgment as a matter of law. See,

19

_Ortiz vs Jordan_, 131 S. Ct. 884, 891 (2011) _est_; _severally_ Rule 56 _advisory committee notes to 2007 amendments_. All facts must be viewed in the light most favorable to the non-moving party. _GRIFFIN vs. Bryant_, 56 F.4th 328, 335 (4th Cir. 2022).

20. Evidence of the non-moving party must be accepted as true, all doubts must be resolved against the moving party, all evidence must be construed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in the non-moving

20

Party's favor. See, Crawford vs. Metropolitan Govt of Nashville & Davidson County, 555 U.S. 271, 274 Note 1 (2009); Beard vs. Banks, 548 U.S. 521, 530-31 (2006); Reeves vs Sanderson Plumbing Prods. Inc, 530 U.S. 133, 150-151 (2000); Hunt vs. Cromartie, 526 U.S. 541, 550-55 (1999); Eastman Kodak Co. vs. Image Technical Services Inc, 504 U.S. 451, 456 (1992); Anderson vs. Liberty Lobby Inc, 477 U.S. 242, 255 (1986); Adickes vs. S.H. Kress & Co., 398 U.S. 144 157-59, and; GRIFFIN, supra at 335.

## Defendants Are Not
## Entitled to Qualified Immunity

21. Defendants are not entitled
to qualified immunity because at
the time this action arose on
April 19, 2018 it was clearly
established as a matter of law that
using the components and momentum
of a prison transport vehicle to
intentionally injure a prisoner is
a violation of the Eighth Amendment
of the Constitution. This law
was decided in the Fourth Circuit
on December 18, 2017 in Thompson
vs. Virginia, 878 F.3d 89 (4th
Cir. 2017). This Court is

22

bound by the law of the Circuit.

## V. Disputed Material Facts That Remain For Trial:

## Issue One

Whether Defendants Daves and Parlier intentionally used excessive and unnecessary force in a malicious and sadistic manner upon the named Plaintiff during a prison transport on April 19, 2018 without legitimate penological justification or lawful excuse. See, Plaintiff's Statement of Fact (PSOF)(doc. ___ ) at paragraphs 1, 3, 4, 9, 13-22, 27, 28 and 31-40.

23

## ISSUE TWO

Whether Defendants Daves and Parlier denied Plaintiff timely medical evaluation, treatment and care after they repeatedly asphyxiated the Named Plaintiff during a prison transport on April 19, 2018. See, Plaintiff's Statement of Fact (PSoF) (doc. ____ ) at paragraphs 1, 9, 17, 18, 21, 22, 35, 36 and 39-40.

## VI. ARGUMENT:

22. The Eighth Amendment protects prisoners from "unnecessary and wanton infliction of pain."

24

See, _Estelle vs. Gamble_, 429
U.S. 97, 102, 97 S.Ct. 285 (1976).
That protection imposes upon prison
officials an affirmative "obligation
to take reasonable measures to
guarantee the safety of ... inmates."
_Whitley vs. Albers_, 475 U.S.
312, 319-20, 106 S.Ct. 1078 (1986).
"Whenever prison officials stand accused
of using excessive physical force in
violation of the Cruel and Unusual
Punishments Clause, the core
judicial inquiry is ... whether
force was applied in a good-faith
effort to maintain or restore
discipline, or maliciously and

25

sadistically to cause harm."
Hudson vs. McMillian, 503 U.S.
1, 6-7, 112 S.Ct. 995 (1992);
accord, Wilkins vs Gaddy, 559
U.S. 34, 38, 130 S.Ct. 1175, 1178
(2010). IN this case Plaintiff
Griffin was Not subject to any
disciplinary action because he
did not commit any disciplinary
offense. See, PFD (Doc. 118-1)
at paragraphs 32 and 33.

23. The deliberate indifference
standard generally applies to cases
alleging failures to safeguard the
inmate's health and safety, including

26

Failing to protect inmates from
attack, inhumane conditions of
confinement or failing to render
medical assistance. See, Farmer
vs. Brennan, 511 U.S. 825, 834,
114 S.Ct. 1970 (1994); Wilson vs.
Seiter, 501 U.S. 294, 303, 111
S.Ct. 2321 (1991). The deliberate
indifference standard is a two prong
test: 1) the prisoner must be
exposed to "a substantial risk of
serious harm" and 2) the prison
official must know of and disregard
that substantial risk to the
inmate's health and safety. See,

27

_Farmer_, 511 U.S. at 834, 837-838, 114 S.Ct. 1920. In excessive use of force cases the malicious and sadistic standard applies.[7] See, _Hudson vs McMillian_, 503 U.S. 1, 6-7 (1992).

24. In the Fourth Circuit excessive use of force cases apply a four factor balancing test: 1) the need for the application of force; 2) the relationship between the need and the

---

[7] Plaintiff's Proposed Jury Instructions on Excessive Use of Force are filed in the Record Proper at doc. 15 of this civil action.

28

amount of force that was used;
3) the extent of any reasonably
perceived threat that the
application of force was intended
to quell, and; 4) any efforts
made to temper the severity
of a forceful response. See,
IKO vs Shreve, 535 F.3d
225, 239 (4th Cir. 2008)(citing
Whitley, 475 U.S. at 321).

25. First, Defendants Daves
and Parlier Never Needed to use
Force upon Plaintiff as Plaintiff
had not committed any disciplinary
offense on April 19, 2018. Thus,

29

the repeated asphyxiation of Plaintiff by the Defendants did not serve any legitimate penological interest.

26. Second, because there was no need to use force, the force used was necessarily excessive in relation to the need. Thus, the repeated asphyxiation of the Plaintiff by the Defendants bears no relationship to any penological need to use force, and standing alone, its sheer cruelty and impropriety suggests a constitutional violation.

30

27. Third, Plaintiff Griffin posed no physical threat to the Defendant officers or anyone, he was fully restrained with leg shackles, handcuffs, a black box, wearing an electrical stun device on his left arm and was physically seperated from the Defendant officers by a barrier that partitioned the front and rear of the transport sedan's passenger compartment. Plaintiff never threatened anyone and he never even received a prison misconduct report for any act in relation to April 19, 2018.

31

28. Finally, the Fourth Factor, to temper the use of Force also weighs in Favor of Plaintiff. Defendants Daves and Parlier repeatedly asphyxiated the named Plaintiff. Admittedly, after the Final time Defendants stopped the transport vehicle and revived the Plaintiff. See, PFD (doc. 118-1) paragraphs 39-41. Prison officials may not escape liability in an excessive use of Force case by reviving a prisoner that they repeatedly asphyxiated. To hold otherwise would eviscerate the Eighth Amendment, because

32

asphyxiation is painful. See,
PFD (Doc. 118-1) at paragraph 55,
29. The permissible delay
for providing medical assistance
for a prisoner unconscious from
asphyxiation is measured in
minutes, not hours. See,
Bozeman vs. Orum, 422
F.3d 1265, 1273 (11th Cir.
2005). Unconsciousness from
asphyxiation presents a serious
medical need. Id. Even a
lay person is capable of under-
standing that asphyxiation may
result in death or serious

33

injury. See, PFD (Doc. 118-1)
at paragraph 46.

## VII. Conclusion

30. Defendants Daves and
Parlier intentionally used the
components and momentum of a
prison transport vehicle to injure
the Named Plaintiff. See, PFD
(Doc. 118-1) at paragraph 48.
Defendants Daves and Parlier
threatened to assault the Plaintiff.
PFD (Doc. 118-1) at paragraphs
12, 13, 27 and 36. Defendants
Daves and Parlier used excessive
and unnecessary force upon the
34

Plaintiff in a malicious and sadistic manner without legitimate penological justification. See, PFD (Doc. 118-1) at paragraphs 5-9, 14-41 and 45-55. Defendants used the components and momentum of the Ford transport sedan to repeatedly asphyxiate Plaintiff causing Plaintiff to lose consciousness multiple times. See, PFD (Doc. 118-1) at paragraphs 5-9 and 14-55. Afterward, Defendants Daves and Parlier verbally taunted Plaintiff about his loss of consciousness which they induced through positional asphyxia.

35

See, PFD (Doc. 118-1) at paragraph 40. Defendants also refused to summon medical assistance for the Plaintiff. See, PFD (Doc. 118-1) at paragraphs 41, 45 and 50.

Wherefore, the above stated reasons as well as any others that may be presented at a hearing upon the merits, Plaintiff requests an Order of this Court that denies Defendants Motion (Doc. 166) for Summary Judgment in its entirety. Plaintiff further requests that

36

this matter be set for a jury trial upon all issues of triable fact.

   Dated this 241 Day of April, 2025.

_____
MATTHEW JAMES GRIFFIN
Y53580
10930 Lawrence Road
Sumner, IL 62466


Certificate of Service
submitted seperately.

37